ROE, *cas ejector*, and JOHN K. PATTERSON, tenant, plaintiff in error, *vs.* DOE, *ex dem*, of GEORGE BUCHANAN, *et al.*, defendants in error.

If a grant for land issued from the State to one who was not the fortunate drawer in said lottery, that fact cannot be shown collaterally on the trial of an action of ejectment, but the original grant should be corrected by a proceeding instituted for that purpose, in accordance with the laws of the State.

Ejectment. Motion for new trial. Decided by Judge CLARKE. Randolph Superior Court, November Term, 1867.

This was ejectment for land lot No. 194, in the 5th District of originally Lee, now Randolph county, upon the

several demises of George Buchanan and Charles Robertson, the illegitimate of Temperance Robinson.

The *locus* and possession when suit was brought, were shown.  The plaintiff below offered as evidence a copy grant showing that said lot was drawn by Temperance Robinson's illegitimates, of Brown's District, Fayette county.  The grant purported to have been given under the great seal of this State, and was dated 11th May, 1836.  The copy was certi-fied by the Secretary of State under his official seal.  The defendant objected to it upon the ground that it wanted the great seal of the State, and because it did not appear that the original grant had the great seal of the State attached to it.  The Court overruled the objection, and the copy grant was read to the jury.  Plaintiff read in evidence a deed, made in Floyd county, Georgia, on the 8th of September, 1849, from Charles Robertson, (described in the body of the deed, and by the signature to the deed as "Charles Robertson, illegitimate of Temperance Robertson,") conveying said lot to George Buchanan.  It was recorded 20th November, 1858.

Plaintiff then showed by the half brother of said Temper-ance, that in 1827, he gave in for a draw, in the then land lottery, for Charles Robinson, the illegitimate son of said Temperance, and that said illegitimate drew said lot; that witness paid taxes on said lot as the property of said Charles; that in 1827, Charles was three or four years old; that said Temperance, in 1827, had no other child; that in 1829 or 1830, said Temperance married Peter Nelson, and that she was still alive, or was so very recently, and that there was no other Temperance Robinson in said District, except the mother of said Charles.  Plaintiff showed by another set of interrogatories for the same witness, the facts already shown by him, and that said Nelson conveyed said lot by quit claim, to Jesse Carter; that Carter conveyed it to J. K. Patterson, that Patterson applied thrice to witness, as guardian of said Charles, to buy said lot, before he bought from Carter.  He testified that the correct name of himself and Temperance and Charles, was Robertson.

The answers of a son of the foregoing witness, showed the

identity of said Charles as the son of said Temperance, and that they were both alive. He said that he supposed Charles was between six and nine years old in 1827. In his answers the name is written Robinson.

BUCHANAN testified that he knew Temperance and Charles, well, and bought from Charles, when he, Charles, was about twenty-five years old.

To meet this testimony, the defendant read in evidence a deed from Peter Nelson to Jesse Carter, dated 19th August, 1839, and recorded 8th November, 1840, and a deed from said Carter and John Malpas, to Job C. Patterson, dated 17th May, 1841, and recorded 1st July, 1848, for said lot. It appears that said Buchanan was one of the witnesses to each of these deeds. John K. Patterson then testified that he went into possession of said lot under his father, Job C. Patterson.

The defendant then offered in evidence an old printed book, dated March, 1827, purporting to be the land lottery register of the drawing in which said lot was drawn, to show that the lot was drawn by Temperance Robinson, illegitimate of Brown's District, Fayette county. The Court rejected it.

Defendant then offered to read the answers of E. P. Watkins, Secretary of State, and A. J. Boggus, Surveyor General, containing transcripts from the land books in their offices, to show that the lot was drawn by Temperance Robinson, illegitimate, of Brown's District, Fayette county. The Court rejected the answers. The defendant then moved to rule out the deed from Charles Robertson to Buchanan, and all plaintiff's evidence, going to show that said Charles was the only illegitimate of said Temperance. The motion was overruled.

The defendant having closed, plaintiff re-examined Buchanan, who testified that when he went to witness the deed from Nelson to Carter, Nelson hesitated about two hours before he would sign the deed, which was a warranty deed, saying that the lot belonged to said Charles, and he was unwilling to sign any deed therefor except a quit claim.

The Court charged the jury, among other things, that inasmuch as both claimants claimed under the same woman,

Temperance Robinson, of Brown's District, Fayette county, subsequently wife of Peter Nelson, the only question to be settled by them, in order to ascertain plaintiff's title, was whether Charles Robertson, plaintiff's grantee, was the only illegitimate of said Temperance, and that if they should so find then, the plaintiff must recover. The jury found for the plaintiff.

Defendant's attorneys moved for a new trial, upon the grounds that the Court erred in allowing said copy grant read, in rejecting said printed book, and the answers of Watkins and Boggus, and in charging as aforesaid, and because the verdict was against the evidence, etc., and because since the trial, they had discovered that in fact, said copy grant showed that the lot was drawn by Temperance Robinson, illegitimate. (Upon this last point, the Court below differed with them as to the correct reading of the copy grant in that regard.) The Court refused a new trial, and this is assigned as error.

Hood, Fielder, Douglass, for plaintiff in error.

Lyon, Worrill, for defendant in error.

Harris, J.

The lot of land in dispute was granted by the State of Georgia, "to Temperance Robinson's illegitimate."

Plaintiff below claimed title through Charles Robertson, whom he alleged and proved to be the sole illegitimate child of Temperance Robinson, and put in evidence a copy of the grant of the State of Georgia "to Temperance Robinson's illegitimate," and the deed of said Charles Robertson. The title upon which defendant relied, was *the deed* of the husband of said. Temperance Robinson. The testimony of the Secretary of State, and of the Surveyor General, taken by interrogatories, was offered by him to establish the fact that by the land books of the land lottery, in which the lot of land sued for was drawn, and which are, by direction of law, kept in their respective offices, it appeared by the original

entries to have been drawn by " Temperance Robinson, illegitimate." Upon objection made, this testimony was repelled, the Judge holding that, if the grant issued as alleged, originally to a person who was not the fortunate drawer in the land lottery, that fact could not be shown *collaterally*, as attempted, but that the original grant should have been corrected by a proceeding instituted for that purpose in accordance with the laws of the State. This ruling conforms to both practice and principle, and as there is no other material question in the record, we affirm the judgment below.